**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID LEE KOEBELE,

    Defendant.

No. CR 07-2015-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Rule 403 Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. Application Of The Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *1. References to possession of pornography* . . . . . . . . . . . . . . . . 6
         *a. The defendant's argument* . . . . . . . . . . . . . . . . . . . . . 6
         *b. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *2. References to photograph of girlfriend's genitalia* . . . . . . . . . . 7
         *a. The defendant's argument* . . . . . . . . . . . . . . . . . . . . . 8
         *b. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      *3. References to a polygraph examination* . . . . . . . . . . . . . . . . . 9
         *a. The defendant's argument* . . . . . . . . . . . . . . . . . . . . . 9
         *b. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      *4. Evidence of the summary of forensic analysis* . . . . . . . . . . . . 10
         *a. The defendant's argument* . . . . . . . . . . . . . . . . . . . . 10
         *b. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION

### A. Procedural Background

In a two-count Indictment (docket no. 1) handed down August 8, 2007, defendant David Lee Koebele was charged with using the Internet to attempt to entice a minor to engage in unlawful sexual activity and interstate travel to engage in unlawful sexual activity with a minor. More specifically, **Count 1** charges that, from about July 4, 2007, until about July 13, 2007, defendant Koebele used a facility and means of interstate and foreign commerce, namely the Internet, to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in unlawful sexual activity, all in violation of 18 U.S.C. § 2422(b). **Count 2** of the Indictment charges that, on or about July 14, 2007, defendant Koebele knowingly traveled in interstate commerce from Nebraska to Black Hawk County, Iowa, for the purpose of engaging in unlawful sexual activity with a minor, all in violation of 18 U.S.C. § 2423(b). Koebele has pleaded not guilty to the offenses charged. Trial in this matter is currently set to begin on January 7, 2008.

On December 24, 2007, in anticipation of trial, Koebele filed the Motion In Limine (docket no. 22) now before the court. In his motion, Koebele seeks to exclude the following categories of evidence pursuant to Rule 403 of the Federal Rules of Evidence: (1) any reference to his possession of adult pornography or child pornography on his computer; (2) any reference to his adult girlfriend sending him a photograph of her genitalia; (3) any reference to his taking a polygraph examination; and (4) any reference to a "summary of forensic analysis" performed by Lt. D.K. Smock of the Black Hawk County Sheriff's Office on three hard-disk drives on his computer and the results of that forensic analysis.

At the deadline for a response, the prosecution filed a motion to dismiss the Indictment without prejudice. Because such a dismissal would not necessarily eliminate all likelihood that the court and the parties would be faced with the same evidentiary issues in the future, the court deems it appropriate to file its ruling on the defendant's Motion In Limine before ruling on the prosecution's motion to dismiss without prejudice.

### B. *Factual Background*

Defendant Koebele has submitted in support of his Motion In Limine a transcript of his videotaped interview concerning the charges in what are now Counts 1 and 2 of the Indictment conducted on July 14, 2007, by Lt. D.K. Smock of the Black Hawk County Sheriff's Office. A portion of the interview involved a discussion of the presence of pornography and the potential presence of child pornography on Koebele's computer. Koebele acknowledged that the hard drives of his computer might reveal pornographic videos that friends had downloaded from the Internet and given to him, but he asserted that he had not downloaded any such material from the Internet himself. Exhibit A, Transcript of Interview, 18-19. He also asserted that some of the "girls" in a few of the videos might appear to be "younger," but that he doubted that they were actually "younger," just filmed in the 1980s when women in such videos "weren't maturing so much." *Id*. at 19-24. Koebele opined that he thought some of the girls in the videos looked like they were 16. *Id*. at 25-26.

Another portion of the interview involved a discussion of Koebele's former girlfriend, Ms. Samantha Bergey. In the course of that portion of the interview, Koebele disclosed that Ms. Bergey, an adult, had, on one occasion, sent a photograph of her genitalia to Koebele's computer. *Id*. at 43. Ms. Bergey is expected to testify at trial.

3

In yet another portion of the interview, after Lt. Smock asked Koebele if he was being completely honest, he asked Koebele if he would be "willing to take a polygraph if it came to that," and Koebele responded that he would be. *Id*. at 49-50. There is no evidence currently in the record that Koebele ever took a polygraph examination, was asked to do so, or declined to do so.

Koebele has also submitted in support of his Motion In Limine a Summary of Forensic Analysis prepared on or about December 9, 2007, by Lt. Smock of three hard-disk drives in Koebele's possession at the time of his arrest. Lt. Smock concluded that, although there were images of adult pornography on some of the hard-disk drives, "[a]s a result of this examination and analysis, it appears no known images exist of child pornography nor were any images readily identified as sexually explicit involving pre-pubescent individuals present." Exhibit B.

## II. LEGAL ANALYSIS

### A. *Rule 403 Standards*

Koebele seeks to exclude four categories of evidence pursuant to Rule 403 of the Federal Rules of Evidence. The court will consider the admissibility of each category of evidence separately. However, the court will first review the standards for exclusion of evidence pursuant to Rule 403.

Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

4

FED. R. EVID. 403. As the Eighth Circuit Court of Appeals has recently explained,

> Under Rule 403 , district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion. *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005), *cert. denied*, 546 U.S. 1175, 126 S. Ct. 1343, 164 L. Ed. 2d 57 (2006). Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

*United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007); *United States v. Farrington*, 499 F.3d 854, 858-59 (8th Cir. 2007). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Advisory Committee Notes; *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (quoting this note); *United States v. Dierling*, 131 F.3d 722, 730-31 (8th Cir. 1997) (considering whether evidence was unfairly prejudicial, because it might lead to a decision on an improper basis, where it purportedly had no connection to the charged offense and revealed grisly or violent behavior that made the defendant appear "dangerous"). Unfairly prejudicial evidence has also been described as evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)).

### B. Application Of The Standards

#### 1. *References to possession of pornography*

The first category of evidence that Koebele seeks to exclude is any references to his possession of adult pornography or the possibility of child pornography on his computer. His challenge to this category of evidence arises from pertinent portions of his interview with Lt. Smock and also, apparently, from Lt. Smock's analysis of his hard drives.

##### a. *The defendant's argument*

Koebele argues that evidence of his possession of adult pornography or child pornography on his computer hard drives should be excluded pursuant to Rule 403 of the Federal Rules of Evidence, because any probative value that this information may have is substantially outweighed by the danger of unfair prejudice and confusion of the issues. He contends that introduction of such references would tend to suggest to the jurors that they make a determination on the charges against him on an improper basis, but he does not explain what that improper basis might be. The prosecution did not respond to Koebele's motion to exclude this evidence.

##### b. *Analysis*

The court agrees that any reference to Koebele's possession of adult pornography or the possibility of child pornography on his computer hard drives should be excluded pursuant to Rule 403. Although evidence that child pornography on his computer might have some marginal probative value to show his disposition or intent to engage in unlawful sexual activity with a minor, *Myers*, 503 F.3d at 681 (the court considered the probative value of the evidence as well as its potential for unfair prejudice), no such child pornography was actually identified on his computer hard drives. Moreover, neither of the offenses charged against Koebele involves possession of child pornography as an element, so that such evidence is not directly probative of any issue in the case. Finally, whatever probative value the presence of adult pornography might have to the same issues

is even more tenuous, where the alleged target of Koebele's activity was not an adult, but a minor.

Not only is the probative value of this evidence weak at best, it is plainly outweighed by the potential for unfair prejudice. The evidence in question is not merely detrimental to Koebele's case. *Id*. (evidence is not unfairly prejudicial just because it is detrimental to a defendant's case). Indeed, the court believes that this evidence has little real probative value to any issue in the case. Rather, such evidence could influence jurors to make an improper emotional leap from Koebele's possession of pornography to the conclusion that he attempted to entice a minor to engage in sexual conduct depicted in such pornography or traveled to see a minor to engage in such sexual conduct. FED. R. EVID. 403, Advisory Committee Note (evidence suggesting a decision on an emotional basis is unfairly prejudicial); *Jiminez*, 487 F.3d at 1145 (quoting the advisory committee note). It is not unrealistic to assume that some jurors will have such a negative view of anyone who views pornography that evidence that the defendant possessed pornography might be "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *Adams*, 401 F.3d at 900 (quoting *Shoffner*, 71 F.3d at 1433).

Therefore, because this category of evidence is potentially more unfairly prejudicial than probative, it will be excluded pursuant to Rule 403.

### 2. *References to photograph of girlfriend's genitalia*

Next, Koebele seeks to exclude any reference to his adult girlfriend sending him a photograph of her genitalia. There is no indication in the record submitted to the court so far that law enforcement officers ever recovered such a photograph, so that the reference to the photograph or to Koebele's girlfriend sending him such a photograph appears to be based solely on Koebele's admission in his interview of receiving such a photograph sent to his computer.

### a. The defendant's argument

Koebele argues that this evidence should be excluded, because Ms. Bergey, Koebele's girlfriend, is and was an adult, and there is nothing to indicate that sending the image to Koebele was the result of anything other than a voluntary and consensual decision on her part. He also contends that introduction of such evidence would do nothing but subject Ms. Bergey to ridicule and, thus, would improperly impeach her testimony at trial. The prosecution did not respond to Koebele's motion to exclude this evidence.

### b. Analysis

The court agrees that this category of evidence should also be excluded pursuant to Rule 403. In the absence of any evidence that Ms. Bergey was somehow coerced into sending Koebele the photograph in question, or that Ms. Bergey composed the photograph in such a way as to suggest that she was appealing to his interest in having sex with a minor, this evidence appears to have little or no probative value on any issue in the case. *See Myers*, 503 F.3d at 681 (the court considered the probative value of the evidence as well as its potential for unfair prejudice). Against what appears to be minuscule probative value, the evidence is plainly potentially unfairly prejudicial, in that it could provoke jurors to discount any testimony by Ms. Bergey as an emotional reaction to what jurors might consider scandalous or inappropriate behavior. FED. R. EVID. 403, Advisory Committee Note (evidence suggesting a decision on an emotional basis is unfairly prejudicial); *Jiminez*, 487 F.3d at 1145 (quoting the advisory committee note). Such evidence is, thus, needlessly inflammatory and distracting from material issues in the trial. *Adams*, 401 F.3d at 900 (evidence is potentially unfairly prejudicial if it is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial'") (quoting *v. Shoffner*, 71 F.3d at 1433).

Therefore, because this category of evidence is potentially more unfairly prejudicial than probative, it will be excluded pursuant to Rule 403.

### 3. *References to a polygraph examination*

The third category of evidence that Koebele seeks to exclude is any references to his taking a polygraph examination. As the court noted above, there is no evidence currently in the record that Koebele ever took a polygraph examination, was asked to do so, or declined to do so. Thus, the only evidence in the record on this issue so far is that he was asked by Lt. Smock if he would be willing to take such an examination in the future, and he stated that he would be.

#### a. *The defendant's argument*

Koebele contends that the Eighth Circuit Court of Appeals has discussed the unreliability of polygraph examinations, so that even a polygraph examination would have little probative value, and references to a law enforcement officer's desire for such an examination or a defendant's willingness to take one would have even less probative value. The prosecution did not respond to Koebele's motion to exclude this evidence.

#### b. *Analysis*

The court finds that any references to polygraph examinations should be excluded in this case. Polygraph examinations are, themselves, of dubious reliability, *see Ortega v. United States*, 270 F.3d 540, 548 (8th Cir. 2001) (citing *United States v. Scheffer*, 523 U.S. 303, 309 (1998)), so that mere references to polygraph examinations can have even less probative value. The court also doubts that a defendant's willingness or unwillingness to take a polygraph examination has any probative value whatsoever to issues of his guilt or innocence of any charged offense, or concerning his prior criminal history, where the test itself cannot be shown to provide reliable results. Thus, any weight jurors might give to evidence that a defendant was willing or unwilling to take a polygraph examination would likely be based on an improper emotional response, making such evidence unfairly prejudicial. FED. R. EVID. 403, Advisory Committee Note (evidence suggesting a decision

on an emotional basis is unfairly prejudicial); *Jiminez*, 487 F.3d at 1145 (quoting the advisory committee note).

Therefore, because this category of evidence is potentially more unfairly prejudicial than probative, it will be excluded pursuant to Rule 403.

### 4. *Evidence of the summary of forensic analysis*

The last category of evidence that Koebele seeks to exclude is any references to a "Summary of Forensic Analysis" performed by Lt. D.K. Smock of the Black Hawk County Sheriff's Office on Koebele's computer hard-disk drives and the results of that forensic analysis. The summary was provided to the court and described above.

#### a. *The defendant's argument*

Koebele argues that the references in Lt. Smock's Summary to adult pornography and the lack of child pornography on Koebele's computer hard drives would have no probative value to any issue in the case, even if Koebele testifies, and would unduly prejudice his defense, confuse the issues, and mislead the jurors. He does not, however, explain how such evidence would be unduly prejudicial, confusing, or misleading. The prosecution did not respond to Koebele's motion to exclude this evidence.

#### b. *Analysis*

The court also finds this category of evidence should be excluded pursuant to Rule 403, for essentially the same reasons that the court found that evidence of references to Koebele's possession of adult pornography or the possibility of child pornography on his computer should be excluded. Whatever marginal probative value the analysis of the presence or absence of pornography on Koebele's computer hard drives may have, that probative value is outweighed by the potential for unfair prejudice, because it provides nothing more than innuendo to which jurors might respond emotionally. FED. R. EVID. 403, Advisory Committee Note (evidence suggesting a decision on an emotional basis is unfairly prejudicial); *Jiminez*, 487 F.3d at 1145 (quoting the advisory committee note).

Such evidence is also potentially misleading or confusing, where Koebele is not charged with any offense involving possession of pornography. FED. R. EVID. 403 (also permitting the court to exclude evidence if its probative value is outweighed by its potential to confuse or mislead the jury).

Therefore, because this category of evidence is potentially more unfairly prejudicial than probative, it will be excluded pursuant to Rule 403.

### III. CONCLUSION

Upon the foregoing, defendant Koebele's December 24, 2007, Motion In Limine (docket no. 22) is **granted** in its entirety. The following categories of evidence are hereby excluded pursuant to Rule 403: (1) any reference to defendant Koebele's possession of adult pornography or child pornography on his computer; (2) any reference to his adult girlfriend sending him a photograph of her genitalia; (3) any reference to his taking a polygraph examination; and (4) any reference to a "summary of forensic analysis" performed by Lt. D.K. Smock of the Black Hawk County Sheriff's Office on three hard-disk drives on his computer and the results of that forensic analysis.

**IT IS SO ORDERED.**

**DATED** this 3rd day of January, 2008.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA